UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Application of

JOHN ERIC BOLTEN,

Petitioner,

For an Order of Attachment in Aid of Arbitration Pursuant
to Rule 64 of the Federal Rules of Civil Procedure and
CPLR § 7502(c),

-against-

VENACA, INC.,

Respondent.

07 Civ. 3438 (PKC)(FM)

**AMENDED VERIFIED PETITION
FOR PROVISIONAL RELIEF
IN AID OF ARBITRATION**

Petitioner John Eric Bolten, as and for his Petition for an Order of Attachment in

Aid of Arbitration Pursuant to Rule 64 of the Federal Rules of Civil Procedure CPLR §

7502(c) against respondent Venaca, Inc., herein alleges as follows:

## THE PARTIES

1.      Plaintiff John Eric Bolten ("Petitioner") is a citizen and domicile of the

State of Massachusetts.

2.      Respondent Venaca, Inc., is a Delaware Corporation with its principal

place of business located at 450 West 31st Street, 4th Floor, New York, New York, and is

therefore a citizen of both Delaware and New York.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this application pursuant to 28 U.S.C. §

1332(a) because there is complete diversity of citizenship between the parties and the

amount in controversy exceeds the sum of Seventy Five Thousand ($75,000.00) Dollars.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, and where Venaca primarily conducts its business.

### FACTS SUPPORTING APPLICATION FOR
### ORDER OF ATTACHMENT IN AID OF ARBITRATION

5.      From September 24, 2004 through January of 2007, Mr. Bolten was employed by Venaca as Vice President of Sales, and was the company's sole salesperson.

6.      Mr. Bolten's wages are enumerated in his Employment Agreement, a copy of which is attached as Exhibit A.

7.      Pursuant to the Employment Agreement, Venaca agreed to pay Mr. Bolten an annual base salary of $115,000 (increased to $125,000 in 2006), to be paid bi-weekly, in addition to sales commissions according to the agreement's defined "Commission Plan."

8.      Mr. Bolten began work for Venaca in September 2004.

9.      Mr. Bolten met and exceeded Venaca's expectations for his performance and was the sole source of revenue generation for Venaca.  Indeed, from 2004 through the end of 2006, Mr. Bolten initiated, developed and consummated millions of dollars in sales for Venaca with several major U.S. media companies, including Lifetime Networks, MTV and Scripps Networks, Inc.

10.     Venaca publicized these significant transactions on its website and through several press releases, copies of which are attached as Exhibit B.

11.     These sales alone generated millions of dollars to Venaca and enabled Venaca to stay in business.

12.     In late 2004, Venaca began to fall into arrears on its wage obligations to Mr. Bolten.

13.    Mr. Bolten often demanded payment of his earned compensation, and Venaca's officers always assured him that they would "catch up" on the amounts owed to him as soon as Venaca secured planned additional financing.

14.    In April, 2006, Venaca received a large investment of institutional financing from Argentum Group and First Analysis Corporation.  Venaca publicized this funding with a press release and on its website, a copy of which is attached as Exhibit C.

15.    After Venaca failed to pay Mr. Bolten following its cash infusion from Argentum Group and First Analysis Corporation, he became suspicious of Venaca's intentions, and on August 1, 2006, approached Thomas Burchill, Venaca's Chief Executive Officer demanding payment in full of his earned compensation arrears.

16.    As of that date, Venaca owed Mr. Bolten $142,991 in past due earned commissions.

17.    In response, Mr. Burchill prepared and signed as CEO of Venaca a written acknowledgment of the $142,991 of past due earned commissions owed to Mr. Bolten by Venaca, a copy of which is attached as Exhibit D.

18.    At the time he executed Venaca's acknowledgement of this debt,  Mr. Burchill assured Mr. Bolten that he would be paid in full out of the revenues from the Scripps Networks, Inc. sale Mr. Bolten had recently consummated.

19.    The Scripps Network revenues were expected to be at $1.8 Million in total, with $1.4 Million received by Venaca by December of 2006.

20.    Venaca never paid Mr. Bolten the acknowledged $149,991 debt of commissions Mr. Bolten earned through August 1, 2006.

21.    Between August 1, 2006 and January 1, 2007, Mr. Bolten generated an additional $1.83 Million in sales revenues for Venaca.

22.    For these sales, Mr. Bolten earned an additional $48,427.60 in commissions, as reflected in the spreadsheet attached as Exhibit E.

23.    Despite Mr. Bolten's repeated demands for payment in full of these earned commissions, Venaca has paid only $13,000 to Mr. Bolten, leaving a remaining balance of $185,418, plus appropriate interest.

24.    Upon information and belief, Venaca currently has approximately $1 Million in cash in its operating accounts at the Bank of America, which is expected to run out within the next several months.

25.    Nonetheless, Venaca continues to pay its executives substantial salaries.

26.    Venaca has deliberately refused to pay Mr. Bolten his earned commissions, preferring instead to deplete its limited cash on hand by, among other things, paying its lucrative executive salaries.

27.    Venaca has now forced Mr. Bolten to pursue his rights in arbitration (in accordance with the arbitration clause in the parties' Employment Agreement), despite Venaca's admitted liability for Mr. Bolten's earned commissions. A copy of the Arbitration Demand is attached as Exhibit F.

28.    Accordingly, Mr. Bolten is compelled to apply for an Order of Attachment of all accounts and assets over which Venaca has a direct or indirect beneficial interest including the accounts held at Bank of America, or elsewhere, in order to prevent Venaca from distributing, transferring, or otherwise dissipating its assets pending the arbitration of Mr. Bolten's claims against Venaca for unpaid commissions.

29.    Venaca prepared a "12 Month Cash Flow" for 2007, which reflects that by September, 2007, it will have only $11,000 in projected monthly earnings, with monthly

4

operating expenses amounting to nearly $525,000, of which, $437,211 is for salaries and benefits. A copy of Venaca's "12 Month Cash Flow" spreadsheet is attached as Exhibit G.

30.    According to this document, while Venaca currently has the ability to pay Mr. Bolten what it admittedly owes him, it will not be able to do so in the coming months, which is why Mr. Bolten believes Venaca is forcing him to arbitrate its admitted debt to Mr. Bolten, hoping to capitalize on the delay Mr. Bolten will face in obtaining final judgment.

31.    The Court's freezing of Venaca's accounts in an appropriate amount to cover Venaca's wage obligations to Mr. Bolten is necessary to ensure that funds are available to satisfy the eventual arbitration award and judgment.

32.    No prior application for this relief has been made.

WHEREFORE, Petitioner John Eric Bolten respectfully requests that this Court Order the attachment of all accounts and assets over which Venaca Inc. has a direct or indirect beneficial interest including the accounts held at Bank of America, or otherwise exercises direct or indirect control, in the amount of no less than $250,000, which is an amount sufficient to cover Venaca's financial obligations to Mr. Bolten for earned commissions, statutory damages, interest, and attorneys fees. Mr. Bolten also respectfully requests such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        May 1, 2007                        Respectfully submitted,

                                           SIMON LESSER PC

                                           By:  _____
                                                Leonard E. Lesser (LL-4054)
                                           420 Lexington Avenue
                                           New York, New York 10170
                                           T: 212.599.5455
                                           F: 212.599-5459
                                           Attorneys for petitioner John Eric Bolten

## VERIFICATION

STATE OF NEW YORK     )

                           SS.:

COUNTY OF NEW YORK  )

       John Eric Bolten, being duly sworn, deposes and says:

    1.     I am the Petitioner in this Special Proceeding.

    2.     I have read the foregoing Amended Petition and know the contents thereof. The allegations and statements contained in the Verified Petition are true based upon my own personal knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I reasonably believe them to be true.

    3.     The documents attached as Exhibits to the Verified Petition are true and correct copies of materials I personally maintain in my possession, except for the print-outs from respondent's website, which I have personally examined and authenticate as accurate.

                                       John Eric Bolten

Sworn to before me this
1st day of May, 2007

_____
Notary Public

YELENA GORODETSKAYA
Notary Public, State of New York
No. 01GO6117327
Qualified in Kings County
Commission Expires October 25, 2008

6