Exhibit F

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

April 23, 2007

VIA FACSIMILE

John F. Carberry
Cummings & Lockwood LLC
6 Landmark Square
Stamford, CT 06901

Venaca, Inc.
30 West 21st Street
New York, NY 10010

Re: 13 166 00875 07
   John Eric Bolten
   and
   Venaca, Inc.

Dear Parties:

This will acknowledge receipt on April 18, 2007 of a Request for Arbitration dated April 16, 2007, either by joint submission or in accordance with provisions in a personnel manual or employment agreement. We understand that a copy was sent to Respondent. A copy of our Employment Arbitration Rules and Mediation Procedures, as amended and in effect July 1, 2006, can be found on our web site at www.adr.org.

If you would like a printed copy of the applicable rules, please contact the undersigned.

Pursuant to Section 1 of the Rules, "If a party establishes that an adverse material inconsistency exists between the arbitration agreement and these Rules, the arbitrator shall apply these Rules."

We ask the parties to refer to Sections 4 and 5. Pursuant to Section 4, the Respondent's answering statement is due on or before May 8, 2007. The answer should set forth a brief statement of the nature of the dispute and the issues to be presented. A copy should simultaneously be forwarded to the Claimant. If Respondent wishes to counterclaim, file the appropriate number of copies, together with the administrative fee, to the attention of the undersigned. A copy should be directly sent to Claimant.

We note the parties' agreement stipulates the locale as New York County, New York

In accordance with the Rules, enclosed is a list of arbitrators who are members of our Employment Dispute Resolution Roster. The parties are encouraged to agree on an arbitrator from this roster and to advise the Association of their agreement within fifteen days from the date of this letter. Upon notification of the arbitrator selected by both parties, the AAA will appoint pursuant to the Rules.

In the event the parties are unable to agree to an arbitrator from the enclosed list, each party to the dispute shall have 15 days from the transmittal date in which to strike any names objected to, number the remaining names in order of preference and return that list to the AAA. If the list of arbitrators is not returned by the date specified, the arbitrator will be appointed as authorized in the Rules.

 American Arbitration Association
*Dispute Resolution Services Worldwide*

## Employment Arbitration Rules and Mediation Procedures

*MEDIATION: If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☐
*There is no additional administrative fee for this service.*

| Name of Respondent<br>Venaca, Inc. | | | Name of Representative (if known) | | |
|---|---|---|---|---|---|
| Address:<br>30 West 21st Street | | | Name of Firm (if applicable) | | |
| | | | Representative's Address | | |
| City<br>New York | State<br>NY | Zip Code<br>10010 | City | State | Zip Code |
| Phone No.<br>646-495-6230 | | Fax No.<br>646-495-6368 | Phone No. | | Fax No. |
| Email Address: | | | Email Address: | | |

The named claimant, a party to an arbitration agreement dated September 24, 2004 _____, which provides for arbitration under the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association, hereby demands arbitration.

THE NATURE OF THE DISPUTE
The Claimant-employee is entitled to commissions for sales he generated on behalf of the Respondent-employer under a contract dated September 4, 2004.

| Dollar Amount of Claim $ 214,610.83 | Other Relief Sought:  ☐ Attorneys Fees   ☒ Interest<br>☐ Arbitration Costs ☐ Punitive/ Exemplary ☐ Other _____ |
|---|---|

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $2,750.00

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
General familiarity with employment disputes.

Hearing locale Manhattan (New York County) ___ (check one) ☐ Requested by Claimant   ☒ Locale provision included in the contract

| Estimated time needed for hearings overall:<br><br>_____ hours or ___1___ days | Claimant   ☒ Employee ☐ Employer<br><br>Respondent   ☐ Employee ☒ Employer |
|---|---|

Does this dispute arise out of an employment relationship? ☒ Yes ☐No

What was/is the employee's annual wage range? Note: This question is required by California law.

☐ Less than $100,000   ☒ $100,000 - $250,000   ☐ Over $250,000

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association's Case Management Center, located in (check one) ☐ Atlanta, GA  ☐ Dallas, TX  ☒ East Providence, RI ☐ Fresno, CA ☐ International Centre, NY, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within 15 days after notice from the AAA.

| Signature (may be signed by a representative)   Date:<br>*John F. Carberry*   4/16/07 | Name of Representative<br>John F. Carberry |
|---|---|
| Name of Claimant<br>John Eric Bolten | Name of Firm (if applicable)<br>Cummings & Lockwood LLC |
| Address (to be used in connection with this case)<br>11 Skytop Drive | Representative's Address<br>6 Landmark Square |

| City<br>Manchester-by-the-Sea | State<br>MA | Zip Code<br>01944-1267 | City<br>Stamford | State<br>CT | Zip Code<br>06901 |
|---|---|---|---|---|---|
| Phone No.<br>978-853-8482 | | Fax No. | Phone No.<br>203-327-1700 | | Fax No.<br>203-351-4534 |
| Email Address:<br>eric.bolten@yahoo.com | | | Email Address:<br>jcarberry@cl-law.com | | |

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to the AAA. Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online. AAA Customer Service can be reached at 800-778-7879



## VENACÁ, Inc.
## FY2004 VICE PRESIDENT OF SALES INCENTIVE COMPENSATION PLAN

### Section A

Dear Eric:

It is my pleasure to extend the following offer of employment to you on behalf of Venacá:

Title:    Vice President, Sales

Reporting Relationship:    The position will report to Scott Spector, CEO.

$105K

Base Salary: $115,000 annually, to be paid in bi-weekly installments of $4,423.08 and subject to deductions for taxes and other withholdings as required by law or the policies of the company. In addition, you will be reimbursed for all eligible travel, lodging and entertainment expenses The salary will be prorated for this year beginning July 23, 2004. Section B of this document refers to your eligibility to participate in the sales commission plan (the "Commission Plan").

Options Plan: Effective upon satisfactory completion of the 90-day probationary period, and based upon the goals and objectives agreed to in the performance development planning process with your direct report, you will be eligible for options in the equity of Venacá. The option plan will be prorated for this year. The plan for this year and beyond will be based on the formula determined by the company for that year.

Non-Compete/ Non-Disclosure Agreement: Our standard non-compete agreement must be signed prior to your start date.

Benefits: Standard company health, disability and dental insurance coverage are supplied and effective per company policy.

Vacation: Two weeks per year, plus personal days per company policy. This benefit is prorated for this year.

Start Date: Immediately

Your employment with Venacá is at-will and either party can terminate the relationship at any time with or without cause and with or without notice. This offer is in effect for thirty days.

### Section B

### SALES COMPENSATION

1.    2004 Commission and Bonus Payments:

|  |  |
|---|---|
| Base Commissions | (see Paragraph 2) |
| Milestone Bonus | (see Paragraph 3) |
| Discretionary Bonus | (see Paragraph 4) |
| Yearly Bonus | 2% of exceeded yearly target |



2.    Base Commissions:  You are eligible to receive a base commission for all revenue sales (licenses, maintenance, support and installations) booked each quarter.  Existing revenue prior to your start date will not be considered as commissionable under this agreement. (See Exhibit 1)  The base commission applied each quarter shall vary according to your sales performance relative to goal (see Exhibit 3), applied cumulatively for the year to date.  The Base commission will be applied according to the following schedule:

| | |
|---|---|
| Up to 100% of Quarter Goal | 6.5% |
| 100% incremental of Quarter Goal or higher | 8.0% |

3.    Milestone Bonus:
For each of the following Agreements or renewals, you will be eligible for the corresponding dollar figure (See Exhibit 2):

| | |
|---|---|
| Professional Services Agreement | $   500 per agreement |
| Software License Agreement | $1,000 per agreement |
| Maintenance and Support Agreement | $   250 per agreement |
| Renewal | $   150 per agreement |

4.    Discretionary Bonus: This component of your pay will be determined by the CEO.  It will be based on your general performance in job functions (i) ancillary to the smooth operation of our sales business such as contractual administration, written client follow-up, sales related billing follow-up, assistance with collections and other duties ancillary to your role; and/or (ii) the strategic value of obtaining certain high-profile accounts, especially if permitted in use as reference accounts or press releases.

5.    In Excess of Plan Bonus: All revenue generated in excess of the fiscal 2004 budgeted revenue plan shall be paid at a rate of 2% on the amount exceeding the budgeted revenue, if applicable.

6.    There is no cap to total compensation.

## C.  PAYMENT SCHEDULE

Payment of Base Salary and payment Milestone Bonus (if performed in the previous bi-weekly period as applicable) shall be on a bi-weekly basis. Payment of Base Commissions and Discretionary Bonus as outlined above shall be made quarterly within 15 days of the end of the applicable period presuming that all outstanding invoices related to commissionable revenue have been paid in full.

Quarterly revenue targets have been established based upon the fiscal 2004 budget.  See FY2004 Budget for further details.

## D.  ELIGIBILITY FOR COMMISSION PAYMENTS

The above target and total compensation levels are presented on an annual basis and are based on employment for the period covering January 1, 2004–December 31, 2004.

## E.  COMPENSATION AFTER TERMINATION

You agree that your employment may be terminated by the Company at any time, with or without cause.  In the event of your termination of employment by the Company for other than cause you shall be entitled to the following:



You will be paid commissions at your then-current commission rate on net payments received by the Company on agreements generated by you prior to the termination of your employment in accordance with the following schedule:

| Number of months remaining on Agreement | Reduction of Commissions Payable on Balance |
|---|---|
| Less than 3 months | 25% |
| 3-6 months | 50% |
| 6-9 months | 75% |
| 9 or more months | 100% |

If your employment is terminated by the Company for cause as defined below, you shall not be entitled to any further compensation or benefits from the Company after the date of termination. For purpose of this Agreement, a termination "for cause" occurs if you are terminated for any of the following reasons involving willful and intentional conduct:

(i) theft, dishonesty, or falsification of any employment or Company record;

(ii) improper disclosure of the Company's confidential or proprietary information;

(iii) any intentional act by you which has a material detrimental effect on the Company's reputation or business; or

(iv) any material breach of this Agreement, which breach is not cured within thirty (30) days following written notice of such breach from the Company.

In the event of any dispute or claim relating to or arising out of this employment relationship, this Agreement, or the entering into or termination of this employment relationship (including, but not limited to, any tort, contract or discrimination claims), all such disputes shall be fully and finally resolved by binding arbitration conducted by the American Arbitration Association in New York County, New York; provided, however, that this arbitration provision shall not apply to any disputes or claims relating to or arising out of the misuse or misappropriation of the Company's trade secrets or proprietary information.

SUCCESSORS AND ASSIGNS: This Agreement shall inure to the benefit of and be binding upon the Company and its successors and assigns. In view of the personal nature of the services to be performed under this Agreement by Employee he shall not have the right to assign or transfer any of his rights, obligations or benefits under this Agreement, except as otherwise noted herein.

ENTIRE AGREEMENT: This Agreement constitutes the entire employment agreement between you and the Company regarding the terms and conditions of your employment, with the exception of (i) the Employment Agreement Regarding Confidentiality described above and (ii) any stock option agreement between Employee and the Company. This Agreement supersedes all prior negotiations, representations or agreements between Employee and the Company, whether written or oral, concerning Employee's employment by the Company.

NO REPRESENTATIONS: You acknowledge that you are not relying, and have not relied, on any promise, representation or statement made by or on behalf of the Company which is not set forth in this Agreement.

SEVERABILITY: If any one or more of the provisions (or any part thereof) of this Agreement shall be held invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions (or any part thereof) shall not in any way be affected or impaired thereby.

MODIFICATION: This Agreement may only be modified or amended by a supplemental written agreement signed by Employee and the Company.

INTERPRETATION: This Agreement shall be interpreted in accordance with and governed by the laws of the State of New York

VIII.  Employee Acknowledgment:

The undersigned employee acknowledges and agrees that he has received and read the foregoing Agreement and understands it terms.

Received and Acknowledged:

_____          Date: 9/24/04
J. Eric Bolton



EXHIBIT 1

For purposes of Section B paragraph 2 Base Commissions, existing revenue includes any and all revenue generated by the following customers: CSTV, Sesame Workshop, WeightWatchers, Inc., WFUV, Mobile Vision, Inc., and Oxygen Media.

EXHIBIT 2

For purposes of Section B paragraph 3, the current plan calls for 7 new software licenses, 2 API sets and Professional Services. The total projected revenue for purposes of this section is $1,520,500. Professional Services represents $205,000; Software Licenses represent $1,315,500; and Maintenance and Support Agreements will total $304,100. If Sales Budget numbers are achieved, the "Milestone Bonus" portion of your commission will reflect an additional $500 for Professional Services contract, $7,000 for Software Licensing, and $1,750 in Maintenance and Support Agreements. The total Milestone Bonus represents just over one-half of one percent of the Sales Budget.

EXHIBIT 3

Remaining Quarterly Revenue Targets are as follows:

**2004**

| | |
|---|---|
| Q3 | $ 576,880 |
| Q4 | $1,049,000 |

## Eric Bolten Compensation Plan

### 2004/2005 Sales Compensation

| | | |
|---|---|---|
| Commissions Due: | | $ 120,000 |
| Commission Payment Cash (Upon Funding) | | $ 60,000 |
| Commission Payment Stock Options @ $1.4/Share | | 100,000 |

### 2006 Sales Compensation

**Base Salary**  $ 125,000

**Commissions**

| | From | To | % | Commission* |
|---|---|---|---|---|
| Level 1 | $0 | $4,666,880 | | |
| | | Licenses | 3.0% | $91,004 |
| | | Services | 2.0% | $32,668 |
| | | *Sub Total* | | $123,672 |
| Level 2 | $4,666,881 | $5,833,600 | + | |
| | | Licenses | 8.0% | $60,669 |
| | | Services | 6.0% | $24,501 |
| | | *Sub Total* | | $85,170 |
| | Total Commission | | | $208,843 |

2006 Total Compensation**
| | |
|---|---|
| Cash Compensation | $ 333,843 |
| Stock Option Compensation | 100,000 |

---

* assumes revenue split of 65% to 35% license to services per 2006 Budget calculated based on the high point in the range.

assumes 2006 Budget numbers are met.

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
http://www.adr.org

# FAX

|  |  |
|---|---|
| DATE | 04/23/2007 12:37:38 PM |
| TO | John F. Carberry |
| COMPANY | Cummings & Lockwood LLC |
| ADDRESS | 203-351-4534 |
| FROM | Michele Gomez |
| NUMBER OF PAGES | 5 (Including cover page) |
| RE | Case number: 13 166 00875 07 |
| RECIPIENTS | John F. Carberry; Venaca, Inc. |

NOTES:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO
WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL,
PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE
INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE
INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF
THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE
NOTIFY US IMMEDIATELY BY TELEPHONE (COLLECT) AND RETURN THE ORIGINAL
FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

April 23, 2007

VIA FACSIMILE

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

John F. Carberry
Cummings & Lockwood LLC
6 Landmark Square
Stamford, CT 06901

Venaca, Inc.
30 West 21st Street
New York, NY 10010

Re: 13 166 00875 07
    John Eric Bolten
    and
    Venaca, Inc.

Dear Parties:

This will acknowledge receipt on April 18, 2007 of a Request for Arbitration dated April 16, 2007, either by joint submission or in accordance with provisions in a personnel manual or employment agreement. We understand that a copy was sent to Respondent. A copy of our Employment Arbitration Rules and Mediation Procedures, as amended and in effect July 1, 2006, can be found on our web site at www.adr.org.

If you would like a printed copy of the applicable rules, please contact the undersigned.

Pursuant to Section 1 of the Rules, "If a party establishes that an adverse material inconsistency exists between the arbitration agreement and these Rules, the arbitrator shall apply these Rules."

We ask the parties to refer to Sections 4 and 5. Pursuant to Section 4, the Respondent's answering statement is due on or before May 8, 2007. The answer should set forth a brief statement of the nature of the dispute and the issues to be presented. A copy should simultaneously be forwarded to the Claimant. If Respondent wishes to counterclaim, file the appropriate number of copies, together with the administrative fee, to the attention of the undersigned. A copy should be directly sent to Claimant.

We note the parties' agreement stipulates the locale as New York County, New York

In accordance with the Rules, enclosed is a list of arbitrators who are members of our Employment Dispute Resolution Roster. The parties are encouraged to agree on an arbitrator from this roster and to advise the Association of their agreement within fifteen days from the date of this letter. Upon notification of the arbitrator selected by both parties, the AAA will appoint pursuant to the Rules.

In the event the parties are unable to agree to an arbitrator from the enclosed list, each party to the dispute shall have 15 days from the transmittal date in which to strike any names objected to, number the remaining names in order of preference and return that list to the AAA. If the list of arbitrators is not returned by the date specified, the arbitrator will be appointed as authorized in the Rules.