UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
In the Matter of the Application of

JOHN ERIC BOLTEN,

|                  |                                      |
|------------------|--------------------------------------|
| Petitioner,      | 07 CIV 3438 (PKC) (FM)               |
| -against-        | BRIEF IN OPPOSITION TO BOLTEN'S REQUEST FOR PRELIMINARY RELIEF |
| VENACA,          |                                      |
| Defendant.       |                                      |

-------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

Contrary to plaintiff's unsupported assertion that this matter and the related arbitration concern only his allegedly owed sales commissions, it also involves his numerous breaches of his employment agreement ranging from poor performance, to three weeks of unauthorized vacation, to dishonesty in the submission of expense account charges, to inducing a then current Venaca employee to leave and go to work for Mr. Bolten's current venture to publicizing confidential and highly sensitive Venaca financial documents in his application to this Court.

Interestingly, although Bolten provided the Court with several exhibits, including his employment agreement, he did not attach the non-disclosure agreement which is an integral part of his employment Agreement. The non-disclosure agreement contains several clauses which Mr. Bolten breached, both during his tenure at Venaca, and after his departure from Venaca.

New York law makes it clear that Mr. Bolten is not entitled to his requested injunctive relief. First, CPLR § 6201 (3) requires Bolten to show that Venaca is acting to

defraud a creditor or frustrate a potential judgment. Bolten has not even alleged fraud

or frustration. Second, Bolten cannot show a likelihood of success on the merits of his

arbitration. Third, he cannot meet his burden with regard to irreparable harm. Finally,

since Bolten has unclean hands, he cannot obtain the equitable relief he seeks.

Therefore, Venaca respectfully requests that this Court deny Bolten's request for

injunctive relief.

FACTUAL BACKGROUND

This Order to Show Cause arises from a contractual relationship between Bolten

as employee and Venaca as employer. Bolten was hired in 2004 as a salesman and

continued in that role through 2007. The relationship is governed by an employment

agreement, including an Employee Non-Disclosure Agreement (the "Agreement").

Pursuant to that Agreement, Bolten agreed, among other things, not to disclose any

confidential or proprietary technical, financial, marketing, manufacturing, distribution or

other technical or business information or trade secrets of Venaca. Bolten also agreed

to return to Venaca all confidential or proprietary technical or business information upon

termination of his employment. Moreover, Bolten also agreed during his employment

and for two years thereafter, to not solicit any Venaca employee for employment with

him or for any other person or entity. Bolten has violated each of the above-listed

covenants and is therefore in material breach of his employment agreement.

First, Bolten has attached to his moving papers confidential financial information

belonging to Venaca. Since he filed his papers without a protective order or under seal,

the confidential financial information is now a matter of public record and is a breach of

MEMORANDUM OF LAW – PAGE 2

the Agreement. Moreover, the fact that he retained such information after terminating his employment with Venaca is also a breach.

Second, Bolten solicited Greg Haley, a database administrator at Venaca, to work for his current venture. Bolten's solicitation has cost Venaca untold amounts, including putting at risk client relationships for accounts that Mr. Haley worked on, totaling more than $700,000.

The retention and publication of Venaca's confidential financial information as well as inducing an employee to leave Venaca are all direct and material breaches of Bolten's Agreement with Venaca and Venaca is entitled to significant damages resulting therefrom.

In addition to these breaches, Venaca has also uncovered irregularities relating to Bolten's expense submissions. Although Venaca has not yet completed it review of his expense submissions, it is clear that Bolten submitted numerous expense vouchers for payment that did not relate to Venaca business. For example, while Bolten maintained a residence in New York, his primary home was in Boston. In March of 2006, Bolten booked a trip from Boston to New York and then to Norfolk. Bolten was not authorized to bill Venaca for his travel from Boston to New York, yet did so.[1] In July 2006, Bolten yet again used his corporate card to charge airfare for himself from New York to Boston. Again, this use of his Venaca corporate card was prohibited.[2] Bolten again, without authorization and against Venaca policy billed airfare for yet another trip

---

[1] See affidavit of George Grippo at Paragraph 7.
[2] See affidavit of George Grippo at Paragraph 8.

MEMORANDUM OF LAW – PAGE 3

to his home in Boston in August 2006.[3]

While Bolten alleges he was a model employee and fully complied with his contractual obligations pursuant to the Agreement, the truth is that he breached the Agreement by: (1) submitting unauthorized expenses for reimbursement; (2) luring a then current Venaca employee away to work with him at his current venture; (3) keeping Venaca's confidential financial records after termination of his employment and then publishing them in his court filing; and, (4) taking unauthorized vacation, and not performing to the standards expected of him.

In summary, Bolten asks this Court for an equitable remedy, but by law, he is not entitled to the equitable relief he requests.

ARGUMENT

I)  CPLR §6201 Is Not Applicable To This Matter

Bolten has moved this court for an order of attachment pursuant to CPLR §6201. As Bolten correctly points out in his Memorandum of Law at page 7, in order to obtain an order of attachment, the moving party must show...that one or more grounds for attachment provided in section 6201 exist...".

A review of CPLR§6201 shows that none of its five sections is applicable. CPLR §6201 provides the grounds under which an attachment order may be granted. It sets forth five (5) sections under which the petition may be granted. A review of CPLR §6201 (1), (2), (4), and (5) clearly show they are inapplicable to the matter herein. Thus, CPLR §6201 (3) is the only section that can be used as grounds for petitioner's

---

[3] See affidavit of George Grippo at Paragraph 9.

MEMORANDUM OF LAW – PAGE 4

requested relief. It states in full:

> "The defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts"

The mere removal or assignment or other disposition of property is not grounds for an attachment under CPLR § 6201 (3) which requires plaintiff to demonstrate that defendant had or was about to dispose of property with intent to defraud creditors or frustrate enforcement of judgment rendered in plaintiff's favor. Sylmark Holdings Ltd. v. Silicone Zone Intern. Ltd., 2004, _____ Misc.3d _____, 2004 WL 1795397. In order for a party to obtain an order of attachment on the basis of defrauding of creditors or frustration of enforcement of judgment, moving papers must contain evidentiary facts, as opposed to conclusions, proving the fraud. Mineola Ford Sales Ltd. v. Rapp 242 A.d.2d 371, 661 N.Y.S.2d 281 (2 Dept. 1997); Continental Chartering and Brokerage, Inc. v. T.J. Stevenson and Co., Inc., 1987 678 F.Supp. 58. (shipowner's allegations that charterer was in financial difficulty, was laying off employees, and was winding down its operations did not entitle shipowner to attachment in aid of arbitration under New York attachment rule that required showing of intent to defraud creditors or to frustrate enforcement of judgment and assignment, disposal, encumbrance, or removal of property from State).

Here, there has been no showing by Bolten that Venaca has done anything to defraud a creditor or to frustrate the enforcement of a judgment. In fact, all Bolten alleges is that Venaca is paying the salaries of its employees. Moreover, the affidavit of George Grippo affirmatively states that Venaca's assets are used, and will continue to

MEMORANDUM OF LAW – PAGE 5

be used, in the ordinary course of its business.[4]  Thus, Bolten is not entitled to an order of attachment under CPLR §6201.

II)  <u>Even Were CPLR §6201 Applicable, Bolten Cannot Meet His Burden of Proof</u>

Under New York law, since attachment is an extraordinary remedy created by statute in derogation of the common law, attachment provision should be strictly construed in favor of those against whom it is employed.  <u>Asdourian v. Konstantin</u>, 1999, 50 F.Supp.2d 152.  The attachment statute must be strictly construed in favor of those against who it may be applied.  <u>P.T. Wanderer Associates, Inc. v. Talcott Communications, Corp.</u>, 111 A.D.2d 55, 489 N.Y.S.2d 179 (1 Dept. 1985).  Under New York law, the remedy of attachment is recognized to be harsh and extraordinary, and thus even if plaintiff satisfies the statutory criteria, issuance of this relief is discretionary, and court must exercise care in its application.  <u>Bank of China, New York Branch v. NBM L.L.C.</u>, 2002 192 F.Supp.2d 183.  Attachment is not a matter of right under New York law, but a remedy granted in the discretion of the court.  <u>Davila Pena v. Morgan</u>, 149 F.Supp.2d 91 (2001).

When courts are asked to determine whether a provisional remedy is appropriate in aid of arbitration, a three prong test is applied estimating the likelihood of success, assessing the likelihood of irreparable harm and balancing of the equities.  <u>Dallas Cowboys Cheerleaders, Inc., v. Pussycat Cinema, Ltd.</u>, 604 F.2d 200, 206-207 (2[d] Cir. 1979); <u>Lebenthal & Co. v. Dean Witter</u>, N.Y.L.J., Dec. 30, 1997, at 21 (Sup. Ct., N.Y. Co.) (ruling that under CPLR 7502(c), a petitioner "must show a likelihood that it will

---

[4] <u>See</u> Grippo Affidavit at Paragraph 25.

prevail on the merits, that it will suffer irreparable harm in the meantime, and that the balance of equities is in its favor").

A. Bolten does not have a likelihood of success on the merits.

It is clear that based on Bolten's breach of his employment contract with Venaca, any claims Bolten has asserted against Venaca will be offset by Venaca's counterclaims against him.

According to the Agreement, Bolten was required to maintain the confidentiality of any documents given him by Venaca and agreed not disclose confidential information. Bolten has failed to comply with his contractual obligation by attaching Venaca's confidential financial information to his moving papers. Bolten's failure to apply for a protective order has destroyed Venaca's financial confidentiality by causing private information to become public record. Moreover, Bolten was required by the terms of his employment contract to return confidential documents, such as financial records, to Venaca upon the termination of his employment. Clearly, Bolten has violated the terms of his Agreement with Venaca.

In addition, pursuant to the terms of the Agreement between Bolten and Venaca, Bolten agreed not to solicit any employee of Venaca for the duration of his employment and two years after, to work for him or another entity. Bolten solicited Greg Haley, Venaca's database administrator, to leave Venaca and work for Bolten's new business venture. Bolten's breach has caused Venaca significant harm. Venaca's rapport with the customers Mr. Haley worked with became strained in his absence. As a result of Bolten's breach, more than $700,000 in revenue is at risk.

MEMORANDUM OF LAW – PAGE 7

Bolten has also submitted improper expenses for reimbursement, taken more than three consecutive weeks of vacation and made not a single sale during the last half of 2006. The damages Venaca seeks in arbitration for these breaches are well in excess of the damages Bolten claims.

2. Bolten has not demonstrated that he will be irreparably harmed if Venaca's accounts are not attached.

Bolten claims that the attachment of Venaca's bank accounts is necessary in order to prevent the arbitration award from being rendered ineffectual. Bolten forms this conclusion based on Venaca's projected financial earnings for the 2007 fiscal year, which are confidential financial document s that he obtained during the course of his employment, and which he was required to return upon termination from Venaca.

However, a projection of expected earnings completed in 2006 is not sufficient to support the determination that without an attachment, if Bolten were to receive a judgment, it would be ineffectual. Clearly, Bolten has not satisfied the burden of proof to establish that Bolten will be irreparably injured if Venaca's bank accounts are not attached and therefore the application for an order of attachment should be denied. Hill v. Reynolds, 187 A.D.2d 299, 589 N.Y.S.2d 461 (1st Dep't 1992) (denying provisional relief under CPLR 7502(c) on the ground that "irreparable harm has not been demonstrated").

If the Court were to recognize Bolten's argument, then the severe relief of attachment would be sought by every claimant with a claim for money damages. The courts would be flooded with CPLR 7502 (c) claims for attachment for fear that funds will not be available to satisfy judgment.

MEMORANDUM OF LAW – PAGE 8

3.   The balance of the equities does not favor Bolten.

New York law requires that one "who comes to equity must come with clean hands." Amarant v. D'Antonio, 197 A.2d 432, 434, 602 N.Y.S.2d 837, 838 (N.Y. App. Div. 1993); ENF, Inc. v. International Diffusion SRL, et al., 1997 WL 2943488 (S.D.N.Y. 1997) (holding that in order to evoke equitable relief, the plaintiff cannot have engaged in underhanded behavior). Giladex, SRL. v. Campaniello Imports, Ltd., 82 F.Supp.2d 126, 130 (S.D.N.Y. 1999). The doctrine of unclean hands is invoked when a suitor seeks relief in the very controversy where he has "so conducted himself to shock the moral sensibilities of the judge." Goldstein v. Delgratia Mining Corp., 176 F.R.D. 454 (S.D.N.Y. 1997)(applying the doctrine of unclean hands when the party asking for equitable relief has committed some act of bad faith that is directly related to the subject matter of the litigation); Weiss v. Mayflower Doughnut Corp., 135 N.E.2d 208, 210, 1 N.Y.2d 310, 316, 152 N.Y.S.2d 471, 474 (1956). The equitable powers of the court will not be employed to benefit a party who has acted fraudulently, or who by unfair means has gained an advantage. Aris-Isotoner Gloves, Inc., v. Berkshire Fashions, Inc., 792 F. Supp. 969, 970-72 (S.D.N.Y.1992).

Courts are reluctant to grant equitable relief to a plaintiff who has himself breached the agreement upon which the lawsuit rests. Fratelli Lozza (USA) Inc. v. Lozza (USA), 789 F.Supp. 625, 636 (S.D.N.Y. 1992) (denying the plaintiff an equitable remedy since the plaintiff was in breach of the agreement). Bolten's breach of his Agreement with Venaca amounts to unconscionable behavior marred by bad faith. As explained earlier, Bolten disclosed Venaca's confidential financial information,

MEMORANDUM OF LAW – PAGE 9

fraudulently submitted false expense reports and successfully solicited a Venaca employee to begin to work for his new venture, all in breach of his contractual obligations with Venaca.  Moreover, Bolten also flouted his contractual responsibilities by taking vacation to which he was not entitled and by his lack of effort towards the end of his employment, during which time he was still being paid a salary.  Finally, as discussed by George Grippo in his affidavit at paragraph 17, Mr. Bolten appeared for two meetings during which he was intoxicated.  Subsequent meetings with one of these potential partners in 2007 made Venaca realize the extent and seriousness of Bolten's behavior.  Representatives of the potential partner, Anystream, in a meeting in April 2007 raised Bolten's intoxication at a previous meeting and indicated that a significant consideration in not partnering had been Bolten's obvious intoxication.  Thus, Venaca was not able to reach an agreement with Anystream, thereby eliminating incremental revenue from that partnership, due, in large part to Bolten's intoxication.

Clearly, Bolten has not come to court with the necessary moral fitness required of one who seeks equitable relief.  As such, Bolten's claim for a preliminary injunction should be denied.

III) Conclusion

In submitting its Order to Show Cause, Bolten has failed to establish a likelihood of success on the merits, irreparable injury or a balancing of the equities in its favor. Moreover, Bolten cannot establish that CPLR § 6201 applies, as he has not and cannot establish that Venaca is attempting to defraud a creditor or evade a potential judgment.

Finally, Venaca has established that its offsets for Bolten's breaches of the

MEMORANDUM OF LAW – PAGE 10

Agreement exceed his claims.

For these reasons and for all of the reasons set forth in this Memorandum and the attached Affidavits, Venaca respectfully requests that this Court deny Bolten's motion for attachment.

Dated:        Garden City, New York
              May 21, 2007

                                              VENACA

                                              By:_____
                                                        Of Counsel

Fabiana Talarico
Peter S. Samaan
WESTERMANN HAMILTON SHEEHY AYDELOTT & KEENAN
Garden City Center, Suite 502
100 Quentin Roosevelt Blvd.
Garden City, New York 11530
(516) 794-7500

Counsel for defendant,
Venaca

MEMORANDUM OF LAW – PAGE 11