UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

In the Matter of the Application of

JOHN ERIC BOLTEN,

                              Petitioner,

For an Order of Attachment in Aid of Arbitration Pursuant
to Rule 64 of the Federal Rules of Civil Procedure and
CPLR § 7502(c),

                            -against-

VENACA, INC.,

                              Respondent.

------------------------------------------------------------

07 Civ. 3438 (PKC)(FM)

## PETITIONER'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF HIS APPLICATION FOR AN
## ORDER OF ATTACHMENT IN AID OF ARBITRATION

SIMON·LESSER PC
420 Lexington Avenue
New York, New York 10170
(212) 599-5455
Attorneys for Petitioner John Eric Bolten

Dated: May 22, 2007

### PRELIMINARY STATEMENT

Petitioner John Eric Bolten ("Bolten") submits this Reply Memorandum of Law in further support of his Application for an Order of Attachment in aid of arbitration, pursuant to Rule 64 of the Federal Rules of Civil Procedure and CPLR § 7502(c) and in specific reply to the legal arguments contained in respondent Venaca, Inc.'s Memorandum of Law, dated May 21, 2007 ("Venaca Br.").

As an initial matter, it must be noted that Venaca failed to file a pleading in response to the Verified Petition and the requirements of Rule 8(b). The Affidavit of its current CEO, George Grippo ("Grippo Aff."), does not conform to the requirements of Rule 8(b), and thus, the allegations contained in the Verified Petition stand as admitted. *See, e.g., Zydney v. New York Credit Men's Ass'n,* 113 F.2d 986, 987 (2d Cir. 1940)("The trustee's 'answering affidavit' was not an answer at all; and the petition really stood as admitted."); *see also* Fed.R. Civ. P. 8(d)("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading.").

Even if the Court treats the Grippo Aff. as some sort of response by Venaca to the Verified Petition, as demonstrated below, it does defeat Mr. Bolten's entitlement to the provisional relief requested in his Verified Petition.

### ARGUMENT

A.   **Applicable Legal Standard**

Venaca misconstrues the appropriate standard in this special proceeding for provision relief in aid of arbitration. Venaca argues that "Bolten has moved this court for an order of attachment pursuant to CPLR § 6201," which requires "plaintiff to demonstrate that defendant has or was about to dispose of property with intent to defraud creditors or

2

frustrate enforcement of judgment rendered in plaintiff's favor." *See* Venaca Br. at 4-5. Venaca misconstrues the grounds for the Verified Petition and the applicable legal standard.

As made clear in the Verified Petition, Mr. Bolten seeks an Order of Attachment in aid of arbitration pursuant to CPLR § 7502(c) made applicable through Rule 64 of the Federal Rules of Civil Procedure.

As carefully analyzed by Judge Sweet in *Sivault Systems, Inc. v. Wondernet, Ltd.*, 05 Civ. 0890, 2005 U.S. Dist. LEXIS 4635 * 7 (S.D.N.Y., Mar. 28, 2005):

> Article 62 provides, in pertinent part, that a party seeking to obtain an order of attachment must show, by affidavit and such other written evidence as may be submitted, that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to plaintiff.
>
> Thus, pursuant to Section 7502(c), the standard articulated in Section 6212(a) applies to [petitioner's] application for an order of attachment, except insofar as Section 6212(a) requires the party seeking an attachment to demonstrate the existence of "one or more grounds for attachment" identified in CPLR § 6201.
>
> The sole ground relevant to an application for an order of attachment brought under Section 7502(c) is "that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief."

*Sivault Systems, Inc.*, 2005 U.S. Dist. LEXIS 4635 at * 8 (*citing SG Cowen Sec. Corp. v. Messih,* 224 F.3d 79, 83-84 (2d Cir. 2000)).

Thus, on his application for an Order of Attachment, Mr. Bolten is "required to show that there is a viable cause of action, a probability of success on the merits, that the award may be rendered ineffectual without the relief sought, and that the amount demanded exceeds all counterclaims known to petitioner." *Matter of Arbitration Between Thorton & Naumes LLP v. Athari Law Office,* 36 A.D.3d 1119, 1120, 829 N.Y.S.2d 248, 249 (3d Dep't 2007).

3

Venaca's brief does not even mention these controlling cases or the controlling standard. Rather, the cases it cites concern standard attachment applications, but not in the context of a CPLR § 7502(c) special proceeding for provisional relief in aid of arbitration.

Thus, Venaca is wrong when it argues that Mr. Bolten was required to prove that has "defraud[ed] a creditor or frustrate[ed] the enforcement of a judgment." *See* Venaca Br. at 5. Instead, the standard required is that the arbitration award he may be entitled to may be rendered ineffective without the attachment sought. *See Sivault Systems, Inc.*, 2005 U.S. Dist. LEXIS 4635 at *13 ("On this record which suggests Wondernet's potential insolvency, SiVault has established that a ground for an attachment exists insofar as the award to which SiVault may be entitled may be rendered ineffectual without the attachment sought."); *see also County Natwest Securities Corp USA v. Jesup, Josephthal & Co.*, 180 A.D.2d 468, 468, 579 N.Y.S.2d 376, 377 (1st Dep't 1992) ("Petitioner has clearly demonstrated the possibility, if not likelihood, that absent the attachment being requested, the ultimate arbitration award would be severely compromised.").

Mr. Bolten has met the required standard.

**B.    Likelihood of Success on the Merits and Venaca's Sham "Offsets"**

Venaca does not address the case law establishing that the likelihood of success on the merits standard is typically relaxed in the context of provisional remedy applications in aid of arbitration. *See Sivault Systems, Inc.*, 2005 U.S. Dist. LEXIS 4635 at *11-12 (*quoting SG Cowen Sec.*, 224 F.3d at 84)("[T]he Court is mindful that, [a]rbitration is frequently marked by great flexibility in procedure, choice of law, legal and equitable analysis, and remedy. Success on the merits in arbitration therefore cannot be predicted with the confidence a court would have in predicting the merits of a dispute awaiting litigation in

4

court, and it can be expected that when the merits are in the hands of an arbitrator, this element of the analysis will naturally have greatly reduced influence.").

Nonetheless, even with this relaxed standard, Mr. Bolten has clearly demonstrated the likelihood of success on the merits of his claims against Venaca for unpaid wages.

Here, Mr. Bolten has clearly and irrefutably demonstrated Venaca's liability to him for its deliberate failure to pay him his earned commissions. Indeed, Venaca's CEO executed a written acknowledgment of Venaca's arrears to Mr. Bolten for the commissions he earned from September, 2004 through August 1, 2006. The written acknowledgement states:

> Please allow this letter to serve as confirmation that the company acknowledges that it owes you the following amounts, payable in cash, for past due commissions:
> 2004  $61,236.99
> 2005  $48,736.01
> 2006  $21,242.00
> Total $142,991.00
> This total represents the amount due through 8/1/06. The Company has applied a 15% interest rate on the commissions due to you.

(Am. Petition ¶ 17)(Petition Ex. D).

Significantly, Venaca's papers in opposition to the Verified Petition do not even address this express acknowledgement and admission of Venaca's obligation to pay Mr. Bolten the $142,991 in earned commissions for the period September, 2004 through August 1, 2006. *See, e.g., Siemens Energy & Automation, Inc. v. Coleman Elec. Supply Co.*, 46 F.Supp.2d 217 (E.D.N.Y. 1999)(granting summary judgment on a acknowledged debt because "[officer] admits to [defendant's] indebtedness."). Moreover, Mr. Bolten has submitted sufficient proof of the additional $48,427.60 in commissions he earned between August 1, 2006 and January 1, 2007 (Am. Petition ¶¶ 21, 22) that Venaca has also glaringly failed to refute.

5

Nor does Venaca's Brief mention the controlling Labor Law provisions which mandate that Venaca's deliberate failure to pay Mr. Bolten his earned commissions constitutes a crime and is subject to "liquidated damages equal to twenty-five percent of the total amount of wages found to be due in the event of a willful violation of its provisions as well as the wages and attorney's fees." *Pashaian v. Eccelston Properties, Ltd.*, 92 Civ. 5487, 1993 U.S. Dist. LEXIS 11347 * 4 (S.D.N.Y., Aug. 18, 1993)(*citing* Labor Law § 198(1-a)).

Instead, Venaca's opposition is limited to claiming that it should not be obligated to comply with the Labor Law and pay Mr. Bolten his earned commissions because of certain alleged offsets. As demonstrated in Mr. Bolten's Reply Affidavit, those claimed offsets are a disingenuous sham, at best.

The first is the claim that Mr. Bolten is liable to Venaca for "more than $700,000" as a result of his alleged solicitation of Greg Haley. *See* Venaca Br. at 7. That claim is absolutely false. *See* Mr. Haley's Affidavit, attached as Exhibit B to Mr. Bolten's Reply Affidavit (wherein he makes clear that he voluntarily left Venaca after its wave of IT layoffs in October, 2006, and that if anything, he solicited Mr. Bolten for a job).

Next, Venaca claims that "Bolten has submitted improper expenses for reimbursement, taken more than three consecutive weeks of vacation and not made a single sale during the last half of 2006." *See* Venaca Br. at 8. Those contentions are equally disingenuous:

- The claimed "improper expenses" amount to $433 in airfare which was entirely appropriate, and in any event, $433 does not legitimately offset $185,418 in earned commissions. *See* Bolten Reply Aff. ¶¶ 7, 8, 9.

- The claim of "three consecutive weeks of vacation" is bogus. Mr. Bolten took a trip to India to attend the wedding of his Administrative Assistant, Wasiqa Qasuria – he left for the trip shortly before Christmas, and returned January 10, 2007. Given the holidays, although the trip encompassed about three calendar weeks, it only covered 10 working days. *See* Bolten Reply Aff. ¶¶ 23-26.

6

- The claim that Mr. Bolten is somehow not entitled to his earned commissions from 2003 through 2006 because he allegedly "did not make a single sale during the last half of 2006" is also bogus. Mr. Bolten's Reply Affidavit refutes this baseless claim. *See* Bolten Reply Aff. ¶¶ 29.

Next, Venaca takes issue with the fact that Mr. Bolten submitted evidence to support the required element of proof in this special proceeding that the award "may be rendered ineffectual without such provisional relief." CPLR § 7502(c). Venaca claims that this proof, the "12 Month Cash Flow" for 2007 (attached as Exhibit G to the Verified Petition), was a confidential document that Mr. Bolten was not permitted to keep.

However, Mr. Bolten submitted this documentary proof because if he did not, Venaca would have surely claimed that his allegation of its impending financial peril was without any proof. In any event, Venaca concedes that its claim of undocumented and unquantified harm flowing from the submission of this document is unsupportable because, according to Venaca, the document is "outdated." *See* Grippo Aff. ¶ 12.

Finally, Mr. Bolten's Reply Affidavit otherwise conclusively and objectively demonstrates that Venaca's other claimed "defenses" are nothing short of an attempt to re-write history. Nothing in Venaca's papers provides any credible repudiation of the operative facts delineated in the Verified Petition.

## C.  **Need for Attachment**

Venaca's only response to Mr. Bolten's proof of Venaca's precarious financial position is its argument that its "projected earnings completed in 2006 is not sufficient to support the determination that without attachment, if Bolten were to receive a judgment, it would be ineffectual." *See* Venaca Br. at 8.

Glaringly missing from Venaca's papers is any sworn statement, or other form of admissible evidence, that Venaca indeed has sufficient funds to satisfy an eventual

7

arbitration award Mr. Bolten obtains for Venaca's liability to pay him his earned commissions as required by the Labor Law. That glaring omission speaks volumes.

Venaca's failure to address its current financial position and otherwise refute the Verified Petition is an admission that the arbitration award "may be rendered ineffectual without such provisional relief." CPLR § 7502(c); *see also County Natwest Securities Corp USA v. Jesup, Josephthal & Co.*, 180 A.D.2d 468, 468, 579 N.Y.S.2d 376, 377 (1st Dep't 1992)("Petitioner has clearly demonstrated the possibility, if not likelihood, that absent the attachment being requested, the ultimate arbitration award would be severely compromised.").

### D.  No Legitimate Counterclaims

Venaca's expressly acknowledged debt to Mr. Bolten for unpaid wages is not subject to any legitimate set-offs or counterclaims. Nor is there any objective credibility to Venaca's contentions that Mr. Bolten purportedly engaged in "unconscionable behavior marred by bad faith." *See* Venaca Br. at 9.

Quite the contrary, Mr. Bolten served Venaca well for four years, earning the company numerous critical sales. His biggest fault was permitting Venaca to sit on the commissions he earned based on his good faith belief that the company would eventually honor its Labor Law requirements and pay him when it obtained its sought after financing.

The baseless and outrageous contentions in Venaca's Brief -- including the patently false assertions that Mr. Bolten "fraudulently submitted false expense reports" for $433; that he "successfully solicited a Venaca employee"; and that he was "intoxicated" at meetings – simply show a company that is willing to say and do anything

8

to avoid its obligations to pay an employee the commissions he earned as required by the Labor Law, and as acknowledged by its former CEO.

## CONCLUSION

Mr. Bolten respectfully requests that this Court Order the attachment of all accounts and assets over which Venaca Inc. has a direct or indirect beneficial interest including the accounts held at Bank of America, or otherwise exercises direct or indirect control, in the amount of no less than $250,000, which is an amount sufficient to cover Venaca's financial obligations to Mr. Bolten for earned commissions, statutory damages, interest, and attorneys fees. Mr. Bolten also respectfully requests such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        May 22, 2007

Respectfully submitted,

SIMON·LESSER PC

By: _____
   Leonard F. Lesser (LL-4054)
420 Lexington Avenue
New York, New York 10170
T: 212.599.5455
F: 212.599-5459
Attorneys for Petitioner John Eric Bolten